**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**COMBS & COMPANY, INC.**                                                                    **PLAINTIFF**

v.                                              **4:08CV04223-WRW**

**CARPENTER / SULLIVAN, LLC a/k/a**                                                **DEFENDANT**
**CARPENTER / SULLIVAN / SOSSAMAN (CS2)**

**ORDER**

Pending is the parties' Joint Motion to Strike and Place Filings Under Seal (Doc. No. 14). The parties in this case have reached a settlement.[1] As a condition of the settlement, the parties agree that CS2's Motion to Compel,[2] Brief in Support,[3] Certificate of Counsel[4] and all accompanying exhibits filed on October 16, 2009,[5] be placed under seal.

Although each court has discretion over its own records and files, that discretion "'is circumscribed by a long-established legal tradition'"[6] -- that is, "'the presumptive right of the public to inspect and copy judicial documents and files.'"[7] "Court records are public records."[8] The Eighth Circuit declined to adopt a "'strong presumption' in favor of the common law right

---

[1] Doc. No. 14.

[2] Doc. No. 8.

[3] Doc. No. 9.

[4] Doc. No. 10.

[5] Doc. No. 14.

[6] *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)).

[7] *Id.*

[8] *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

of access."[9] "'[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'"[10]

I am very chary of sealing documents. In this case, considering all the circumstances, I do not believe sealing is warranted. Accordingly, the Motion (Doc. No. 14) is DENIED. Because the parties filed a Notice of Settlement,[11] all other pending motions in this case are DENIED as MOOT.

IT IS SO ORDERED this 1st day of December, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[9] *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986).

[10] *Id*. (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 599 (1978)).

[11] Doc. No. 16.